365 A.2d 164

**ALMI, INC., a Pennsylvania Corporation**

v.

**DICK CORPORATION, a Pennsylvania Corporation (two cases).**

**Appeal of PLOTKIN BROTHERS.**

**Appeal of UNITED STATES.**

Superior Court of Pennsylvania.

Nov. 5, 1976.

Harry R. Levy, Pittsburgh, for appellant at No. 257.

Richard L. Thornburgh, U. S. Atty., Blair A. Griffith, First Asst. U. S. Atty., Pittsburgh, Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Washington, D. C., for appellant at No. 320.

Jack W. Plowman, Lawrence J. A. Purpura, Sp. Asst. Attys. Gen., Ralph J. Cappy, Pittsburgh, Scott P. Crampton, Asst. Attys. Gen., Gilbert E. Andrews, Washington, D. C., Lester G. Nauhaus, Pittsburgh, for appellee at No. 257.

Harry R. Levy, Lawrence J. A. Purpura, Pittsburgh, for appellee at No. 320.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Pursuant to the Appellate Court Jurisdiction Act of 1970, July 31, P.L. 673, No. 223, art. V, § 503(c); 17 P. S. § 211.503(c) (1976 Supp.), this matter is transferred to the Commonwealth Court.

VAN der VOORT, J., files a dissenting opinion in which WATKINS, P. J., joins.

JACOBS, J., dissents.

Dissenting Opinion by VAN der VOORT, J.:

There are five parties involved in these appeals. We heard argument in the case. The five briefs and the record were studied by the members of our Court. The case was assigned to me for drafting of an Opinion. I prepared such a draft and circulated it among my colleagues. We are now transferring it to the Commonwealth Court, an action to which I respectfully dissent.

The principal reason for the transfer is because the Commonwealth of Pennsylvania has intervened in the appeals. The Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, No. 223, Article 4, Section 402, 17 P. S. Section 211.402(1) provides that the Commonwealth

Court shall have exclusive jurisdiction of "all civil actions or proceedings to which the Commonwealth or any officer thereof, acting in his official capacity, is a party . . .". The Commonwealth has made no objection to our Court taking jurisdiction of these appeals, it has not suggested that the case be transferred to the Commonwealth Court and none of the parties has objected to jurisdiction lying in our Court. The Appellate Court Jurisdiction Act in Section 503 (17 P.S. 211.502(a)) provides that:

"The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the hearing of the appeal, or within such earlier time as may be specified by general rule or rule of court, shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court notwithstanding any provision of this act, or of any general rule adopted pursuant to Section 505 of this act, vesting jurisdiction of such appeal in another appellate court."

The issue involved in the case is a relatively simple one, viz: whether or not the right of set-off by an accommodation party against the primary obligor accrues against said obligor on the day after the day the obligation becomes due and remains unpaid. The proposed Opinion holds that the right of set-off does accrue to the accommodation party at that time. Should any members of our Court desire to dissent from the proposed holding, the already acquired familiarity with the case would facilitate the preparation and filing of a different Opinion.

There will always be gray areas where jurisdiction is going to overlap or to be uncertain. I believe that our action in transferring this case to the Commonwealth Court after all the time and effort which the members of our Court have expended on it is contrary to judicial dispatch and efficiency, hence my dissent.

WATKINS, P. J., joins in this opinion.